IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE APPLICATION OF FG WILSON (ENGINEERING) LIMITED,<br>    Applicant | CIVIL ACTION NO.<br>1:09-mi-0519-CAM-WEJ |

## ORDER

Applicant, FG Wilson (Engineering) Limited ("FG Wilson"), alleges that Guillermo Arias Salazar ("Arias") has engaged in improper use of FG Wilson's trademark and that he "possesses information highly relevant to" claims FG Wilson intends to pursue against third parties in Colombia. (Foley Decl. [1-4] ¶¶ 8-12, 19.) FG Wilson seeks an order authorizing subpoenas requiring Mr. Arias, who resides in Oxford, Georgia, to produce documents and sit for a deposition for use in a trademark proceeding that may be filed in Colombia. (Application [1] at 1-2.) For the reasons stated below, that Application for Order Pursuant 28 U.S.C. § 1782 is **DENIED**.

Section 1782 "authorizes, but does not require, a federal district court to provide assistance to a complainant . . . ." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 255, 124 S. Ct. 2466, 2478 (2004). Under § 1782(a), a district court must first consider the following statutory requirements:

AO 72A
(Rev.8/82)

(1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

Kang v. Noro-Mosely Partners, 246 F. App'x 662, 663-64 (11th Cir. 2007) (per curiam) (quoting 28 U.S.C. § 1782).[1] "[I]n most cases, the statutory requirements are concededly met as the movant is often already a litigant in a pending proceeding and the Court is faced only with the question of whether to exercise its discretion in favor of ordering the discovery sought." In re Intel Corp. Microprocessor Antitrust Litig.,

---

[1] Once these prima facie requirements are satisfied, the following factors must be considered by the district court in exercising its discretion: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome."

Kang, 246 F. App'x at 664 (quoting Intel, 542 U.S. at 264-65, 124 S. Ct. at 2483).

2

Civil Action Nos. 05-441-JJF, 05-485-JJF, 2008 WL 4861544, at *12 (D. Del. Nov. 7, 2008).

Here, however, FG Wilson satisfies only three of the four jurisdictional requirements. To wit, FG Wilson alleges that it is an interested person (Application at 10), the request seeks evidence in the form of documents and testimony (id.), and the person from whom the discovery is sought, Mr. Arias, resides in the Northern District of Georgia (id. at 11).

FG Wilson is not a litigant in a pending proceeding in a foreign or international tribunal at this time. Rather, it contends that "the requested evidence will be used in connection with a trademark proceeding in Colombia before the Colombian Council of State." (Application at 10-11.)[2] FG Wilson further contends that "[a]n action need not be pending or even imminent for application of § 1782(a). The action in a foreign tribunal need only be 'within reasonable contemplation.'" (Id. at 11 n.6 (quoting Intel, 542 U.S. at 259, 124 S. Ct. at 2480).)

In Intel, the applicant sought federal district court assistance in the production of evidence in the United States to support an antitrust complaint filed with the

---

[2] In other parts of the Application, FG Wilson reiterates that it has not yet filed any action in Colombia. (See Application at 2 (discussing "anticipated claims" in a "trademark proceeding to be filed"); id. at 8 ("FG Wilson intends to file . . . .").)

3

Commission of the European Communities (the "Commission"). 542 U.S. at 246, 124 S. Ct. at 2472. In rejecting the contention "that § 1782 comes into play only when adjudicative proceedings are pending or imminent," the Court held "that § 1782(a) requires only that a dispositive ruling by the Commission, reviewable by the European courts, be within reasonable contemplation." Id. at 259, 124 S. Ct. at 2480 (citation and internal quotations omitted). Thus, rather than provide for the application of § 1782(a) when an "action" is within reasonable contemplation, as FG Wilson suggests, the Court required that a "dispositive ruling" be within reasonable contemplation. In other words, § 1782(a) extends to "administrative and quasi-judicial proceedings," id. at 243, 124 S. Ct. at 2470, but does not dispense with its stated requirement that there be "a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a).

Subsequent cases applying Intel are consistent with a prerequisite that some type of proceeding actually be underway in a foreign or international tribunal. See In re Arbitration between Norfolk S. Corp., Norfolk S. Ry. Co., & Gen. Sec. Ins. Co. and Ace Bermuda Ltd., 626 F. Supp. 2d 882, 884-86 (N.D. Ill. 2009) (noting split of authority regarding § 1782 applicability to private arbitral tribunal); In re Operadora DB Mexico, S.A. de C.V., No. 6:09-cv-383-Orl-22GJK, 2009 WL 2423138, at *6-7 (M.D. Fla. Aug. 4, 2009) (same); In re Marano, No. CV-09-80020-MISC-DLJ, 2009 WL 482649, at *1 (N.D. Cal. Feb. 25, 2009) (foreign divorce proceedings); In re

4

Wilhelm, 470 F. Supp. 2d 409, 409 (S.D. N.Y. 2007) ("request from the Kingdom of the Netherlands for legal assistance in aid of a criminal investigation"); In re Matter of Application of Oxus Gold PLC, No. MISC. 06-82, 2006 WL 2927615, at *5-6 (D.N.J. Oct. 11, 2006) (international arbitration); see also In re Intel Corp. Microprocessor Antitrust Litig., 2008 WL 4861544, at *15-18 (denying § 1782 application as "too speculative, and too remote and not 'within reasonable contemplation'" where applicant asserted intention to bring suit in either one of two different forums).

FG Wilson cites In re Clerici, 481 F.3d 1324 (11th Cir. 2007), for the proposition that an action need not be pending or imminent under § 1782(a). (See Application at 11 n.6.) However, in that case, a Panamanian court issued a letter rogatory, requesting assistance with obtaining answers from a litigant who resided in Miami, Florida. In re Clerici, 481 F.3d at 1328-30. Other cases cited by FG Wilson similarly involve pending foreign or international proceedings. See Lopes v. Lopes, 180 F. App'x 874, 875 (11th Cir. 2006) (divorce proceeding in Brazil); In re Xavier, 2006 U.S. App. LEXIS 8132, at *1 (11th Cir. 2006) (administration of estate in Brazil); In re Letter of Request from Dist. Court Stara Lubovna, No. 3:09-mc-20-34MCR, 2009 WL 3711924, at *1 (M.D. Fla. Nov. 5, 2009) (letter rogatory issued by District Court of Stara Lubovna, Slovak Republic); Weber v. Finker, No. 3:07-mc-27-

J-32MCR, 2007 WL 4285362, at *1 (M.D. Fla. Nov. 30, 2007) (pending civil case in Cyprus and pending criminal case in Switzerland); In re Roz Trading Ltd., 469 F. Supp. 2d 1221, 1222 (N.D. Ga. 2006) (international arbitration).

On the present record, given that there is no pending action in a foreign or international tribunal, the Application does not satisfy the statutory requirements, and granting it would therefore not promote "§ 1782(a)'s twin aims of providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." Intel, 542 U.S. at 252, 124 S. Ct. at 2476. Accordingly, the Application [1] is **DENIED**. If and when FG Wilson institutes its trademark action in Colombia, it may renew its Application in this Court.

The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this 17th day of December, 2009.

*/s/ Walter E. Johnson*
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANN MCCAULEY, : | |
| : | CIVIL ACTION FILE NO. |
| Plaintiff, : | 1:09-MI-0068 |
| : | |
| v. : | (Magistrate Judge Baverman) |
| : | |
| THE STATE OF GEORGIA, *et al.*, : | |
| : | |
| Defendants. : | |

## ORDER FOR SERVICE OF
## REPORT AND RECOMMENDATION

Attached is the Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), and N.D. Ga. R. 72.1(D)(2). Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties or, if a party is not represented, upon that party directly.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within **fourteen (14)** days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for

AO 72A
(Rev.8/8
2)

obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this ___15th___ day of _December_, 2009.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)