IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE APPLICATION OF FG       :
WILSON (ENGINEERING)
LIMITED,                      :
                                   1:09-mi-519-CAM
         Applicant            :

### ORDER

The above-styled action is before the court on Applicant's motion for reconsideration [#3].

Applicant, FG Wilson (Engineering) Limited, seeks an order authorizing subpoenas requiring Guillermo Arias Salazar ("Arias"), who resides in Oxford, Georgia, to produce documents and sit for a deposition for use in a trademark proceeding that is being prepared to be filed in Columbia. In its order of December 17, 2009, the court denied Applicant's request on the ground that it did not satisfy the 28 U.S.C. § 1782(a) requirement that the requested discovery be "for use in a proceeding in a foreign or international tribunal." This court's previous order found that Applicant was not a litigant in a pending proceeding in a foreign or international tribunal at that time.

In support of its motion for reconsideration, however, Applicant has submitted a declaration from its Colombian counsel explaining that two adverse proceedings are pending against Applicant with respect to the trademarks set forth in

the Application. The declaration states that the Colombian State, Ministry of Industry and Commerce, Division of Distinctive Designs (Colombian Trademark Office) rejected Applicant's opposition proceeding against the applications for the well-known FG Wilson and globe design trademarks ("FG Wilson's marks"), and registered the FG Wilson's marks on behalf of Arias. Arias then assigned the trademark registrations to the Panamanian company Inversiones Jambalaya. Colombian Counsel declares that the planned nullity action is the only recourse under Colombian law for Applicant to appeal the adverse decision of the Columbian Trademark Office. Applicant asserts that, since the time for appealing the decision has not lapsed, the action is still pending. Applicant also argues that dispositive rulings in a foreign proceeding are not merely within contemplation in this case but, rather, that those rulings have already been issued.

The declaration additionally states that Inversiones Jambalaya has been aggressively threatening criminal action against Applicant's dealers for use of the FG Wilson marks. Colombian Counsel states that Inversiones Jambalaya recently applied to the Colombian Custom's authorities to refuse entry of $1.6 million worth of Applicant's products bearing FG Wilson's marks, on the basis of the registrations issued to Arias (then assigned to Inversiones Jambalaya) by the

Colombian Trademark Office. Colombian Counsel submits that the Colombian Customs proceeding is open and ongoing and the discovery of Arias sought in the Application is necessary to establish that the registrations were obtained in bad faith.

In <u>Intel Corp. v. Advanced Micro Devices, Inc.</u>, 542 U.S. 241, 247 (2004), the United States Supreme Court held that "the 'proceeding' for which discovery is sought under § 1782(a) must be in reasonable contemplation, but need not be 'pending' or 'imminent.'" The <u>Intel</u> Court further clarified that "[i]t is not necessary . . . for the [adjudicative] proceeding to be pending at the time the evidence is sought, but only that the evidence is eventually to be used in such a proceeding." <u>Id.</u> at 259 (citing International Litigation under the United States Code, 65 Colum.L.Rev. 1015, 1026 (1965)).

Although there is no pending proceeding for which § 1782 discovery is sought in this case, the court finds that the facts set forth in the declaration of Colombian Counsel present "reliable indications of the likelihood that proceedings will be instituted within a reasonable time." <u>In re Intel Corp. Microprocessor Antitrust Litigation</u>, 2008 WL 4861544, *11 (D.Del. Nov. 7, 2008). Hence, the court concludes that Applicant has established that the proceeding

3

for which §1782(a) discovery is sought is in reasonable contemplation.

Therefore, the court hereby GRANTS Applicant's motion for reconsideration [#3] and grants Application for order pursuant to 28 U.S.C. § 1782. It is hereby ordered that Applicant is granted leave to issue subpoenas for documents and testimony in the form attached as Exhibit B to the Application. Arias is hereby directed to produce the documents requested in the subpoena and to serve all objections, if any, within two weeks from the date of the entry of this order. Arias is also directed to appear for a deposition at a time and place to be mutually agreed.

SO ORDERED, this 28 day of January, 2010.

*Charles A. Moye*

UNITED STATES DISTRICT JUDGE
CHARLES A. MOYE, JR.

CAM:S